UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
JAMES A. ACKERMAN and
JACQUELINE M. ACKERMAN
                 Debtors.
_____/

Case No. 06-56874
Chapter 11
Hon. Walter Shapero

## OPINION REGARDING MARY KRALIK'S STANDING TO OBJECT TO CHAPTER 11 PLAN OF REORGANIZATION AND DENYING ADMINISTRATIVE EXPENSE CLAIM

### I. Introduction

Before the Court are two related matters: (1) the objection of Mary Kralik ("Claimant") to plan confirmation and attendant standing issues; and (2) the Claimant's Motion for Payment of Administrative Expense claim. Following separate hearings, the Court took these matters under advisement. For the reasons hereinafter discussed, the Court concludes that the Claimant is a party in interest with standing to object to the Debtors' chapter 11 plan of reorganization and denies the Claimant's Motion for Payment of Administrative Expense.

### II. Facts

On January 1, 2004, Claimant and the Debtors entered into a land contract for the purchase of a twelve-unit apartment complex in Algonac, Michigan. The agreement fixed the selling price at $383,033, and required the Debtors, as land contract vendees, to make monthly installment payments of $2,421, including interest at 6.5% per annum for a period of seven years, at which time the balance was to be paid. The Debtors were further obligated to pay all real estate taxes. Contractual provisions concerning possession and the right to forfeit stated:

-1-

**Possession**
(f) That Purchaser shall have the right to possession of the land from and after the date hereof, unless otherwise herein provided, and be entitled to retain possession thereof only so long as there is no default on his part in carrying out the terms and conditions hereof. If the land is vacant or unimproved, Purchaser shall be deemed to be in constructive possession only, which possessory right shall cease and terminate after service of a notice of forfeiture of this contract. Erection of signs by Purchaser on vacant or unimproved property shall not constitute actual possession by him.

**Right to Forfeit**
(g) That should Purchaser fail to perform this contract or any part thereof, Seller immediately after such default shall have the right to declare this contract forfeited and void, and retain whatever may have been paid hereon, and all improvements that may have been made upon the land, together with additions and accretions thereto, and consider and treat Purchaser as his tenant holding over without permission and may take immediate possession of the land, and Purchaser and each and every other occupant remove and put out. If service of a notice of forfeiture is relied upon by Seller to terminate rights hereunder, a notice of intention to forfeit this contract shall have been served at least fifteen (15) days prior thereto.

On November 16, 2006, Debtors filed for chapter 11 relief and immediately ceased making the land contract payments. Debtors continued, however, to collect monthly rental payments from their tenants on the property. On July 19, 2007, the land contract was rejected pursuant to a motion by Claimant seeking to force Debtor to assume or reject. Thereafter, Debtors filed a third revised combined plan of reorganization and disclosure statement which rejected the land contract and classified Claimant's interest as a Class VI unsecured claim, to which Claimant objected on the following grounds: (1) the plan failed to satisfy the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii); (2) the plan violated the good faith requirements of 11 U.S.C. § 1129(a)(3); (3) the liquidation analysis failed to satisfy 11 U.S.C. § 1129(a)(7)(A)(ii); (4) the distribution plan was in contravention of 11 U.S.C. § 1129(a)(15); and (5) the plan was likely to be followed by liquidation

-2-

in violation of 11 U.S.C. § 1129(a)(11). In addition, the Claimant filed a Motion for Administrative Expense claim, asserting that the unpaid land contract payments arising post-petition and pre-rejection had administrative expense priority status under the proposed plan. No objections to the plan other than Claimant's were filed.

Debtors initially contend that Claimant has no standing to object to the plan, arguing that having received or taken possession of the property as a result of the rejection, such was in effect in lieu of any other rights (i.e., delinquent payments) and all claims for money damages due or in arrears were barred, thus depriving Claimant of standing. Debtors alternatively argue that the amount to be given administrative priority status is limited to the difference between (1) the rents collected from the building tenants, and (2) amounts actually expended for building operations during the post-petition pre-rejection period. At the conclusion of the hearing on the administrative expense claim, this Court orally indicated its preliminary view that as a matter of law post-petition pre-rejection land contract payments were not administrative expense claims.

### III. Discussion

### A. Standing

Only a party in interest may object to confirmation of a chapter 11 plan. 11 U.S.C. § 1128(b). The term "party in interest" is not defined in the Code but its meaning may be discerned from Code provisions. Section 1109(b) makes reference to the phrase and provides:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). The term has been broadly construed to allow any party affected by a chapter

11 case an opportunity to be heard. *In re Johns-Manville Corp.*, 36 B.R. 743, 747 (Bankr. S.D. N.Y. 1984), *aff'd*, 52 B.R. 940 (S.D. N.Y. 1985) (citing 5 Collier on Bankruptcy ¶ 1109.02 at 1109-22 to 1109-23 (15th E.D.M. 1979)). Not surprisingly, a creditor is a party in interest. "Creditor" is defined under the Code to mean an entity that has a claim against the debtor or the estate. 11 U.S.C. § 101(10). "Claim" in turn means a right to payment, or a right to an equitable remedy for breach of performance if the breach gives rise to a right to payment, whether or not that right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. 11 U.S.C. § 101(5). Thus, as could be expected, a party in interest includes a person or entity that has a right to payment against the debtor or the estate.

Whether a viable claim exists due to a breach of an installment land contract is determined by state law. *Visuron Ltd Partnership v. Corcoran* (*In re Casa Colonial Ltd. Partnership*), 2007 WL 2261394, at *6 (E.D. Mich. August. 6, 2007) (the parties rights and remedies under the land contract are determined by state law unless a federal interest requires a different result). It is undisputed that as of July 1, 2007, Debtors were $20,971.47 in arrears on the land contract and owed a balance of roughly $395,000. Under Michigan law, a land contract vendor has a choice of enforcement options when payments become delinquent: (1) the vendor may foreclosure on the contract, sell the property, apply the proceeds to the debt and initiate a deficiency action for the difference in accordance with Mich. Comp. Laws § 600.3101 *et seq.*; (2) the vendor may commence summary proceedings in district court to forfeit the land contract, obtain possession of the property and retain the payments made to date in accordance with Mich. Comp. Laws § 600.5701 *et seq.*; or (3) the vendor may avail herself of self-help repossession without resort to summary proceedings provided the repossession can be peacefully accomplished. *See Rothenberg v. Follman*, 172 N.W.2d 845, 848 (Mich. Ct. App.

1969); *Day v. Lacchia*, 437 N.W.2d 400 (Mich. Ct. App. 1989) (in certain circumstances self-help repossession is still available). The vendor is barred, however, from proceeding under both statutory foreclosure and summary proceedings provisions and must chose the manner in which she proceeds. *Gruskin v. Fisher*, 273 N.W.2d 893, 899 (Mich. 1979).

Remedies available under summary proceedings are limited by Mich. Comp. Laws § 600.5750 which provides that a judgment for possession after forfeiture of an executory contract bars any claim for payments due or in arrears at the time of trial. If the judgment resulted in the issuance of a writ of restitution, any claim for money damages which would have become due under the contract is also barred. Mich. Comp. Laws § 600.5750 provides:

> The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.

Accordingly, a judgment for unpaid installment payments on a land contract cannot be enforced after forfeiture. *Mazur v. Young*, 2006 WL 724807, at *5 (E.D. Mich. March 17, 2006) (citation omitted). The same is true for delinquent taxes that remain unpaid under the contract. *Id*.

Debtors contend that the order rejecting land contract entered by this Court on July 19, 2007,

-5-

06-56874-wsd    Doc 123    Filed 12/10/07    Entered 12/11/07 07:03:29    Page 5 of 10

transferred possession and control of the property back to the Claimant and constituted an election of remedies, barring the Claimant from seeking money damages for the default and effectively extinguishing any claim she may have for damages resulting from the breach of the installment contract agreement. The proper inquiry, however, is not whether the bankruptcy order had the effect of transferring possession of the property to the Claimant but whether the Claimant made an election of remedies under state law. The Court concludes she did not.

Mich. Comp. Laws § 600.5750 establishes that it is the judgment for possession after forfeiture of an executory contract that acts to bar a claim for money damages due or in arrears under the contract. No such judgment exists in this case. The parties agree that no state court action was initiated by the Claimant after default by the Debtors. Although the parties attempted to sell the property, the Claimant did not pursue foreclosure of the land contract nor did she regain possession of the land by way of summary proceedings. It does not appear that Claimant even went so far as to issue a notice of forfeiture informing Debtors of her intent to pursue summary proceedings after the default. Moreover, the very terms of the land contract itself allowed the Claimant upon default to immediately declare the contract void and treat the Debtors as a hold-over tenant, authorizing the Claimant in her discretion to take immediate possession of the land and remove the Debtors, all seemingly without resort to summary proceedings. Yet still the Claimant did not take possession of the land. Claimant's failure to take any action to pursue her rights and remedies after default despite her clear rights to the contrary indicates that she did not elect a remedy.

The order rejecting land contract entered by this Court on July 19, 2007, did not operate as an election of remedies under state law. Foreclosure actions and summary proceedings afford significant protection to purchasers of real property by fixing the statutory period of redemption

-6-

06-56874-wsd    Doc 123    Filed 12/10/07    Entered 12/11/07 07:03:29    Page 6 of 10

during which time a purchaser may redeem the premises. Mich. Comp. Laws §§ 600.3140, .5744. Similar protections are not inherent in an order rejecting land contract issued by the bankruptcy court, which purpose is to provide notice to all interested parties that the bankruptcy estate has elected not to become obligated under the land contract agreement. The effect of a notice rejecting land contract is to alert creditors of a possible change in distribution afforded them, not to notify a vendee that a vendor seeks to pursue one state law default remedy over the other. Rejection having been obtained by Claimant by operation and effectuation of bankruptcy law rights of the Claimant and Debtors, the Claimant has standing as a party in interest to object to the Debtors' plan of reorganization.

### B. Administrative Expense Claim

Administrative expense claims as authorized under 11 U.S.C. § 503 include claims for the actual, necessary costs and expenses of preserving the estate. 11 U.S.C. § 503(b)(1)(A). Under Sixth Circuit precedent, a debt qualifies as an actual, necessary administrative expense if (1) it arose from a transaction with the bankruptcy estate, and (2) it directly and substantially benefitted the estate. *Caradon Doors and Windows, Inc. v. Eagle-Picher Indus., Inc.* (*In re Eagle-Picher Indus., Inc.*), 447 F.3d 461, 464 (6th Cir. 2006). Debtors contend first and foremost that the amount owed from past due installment payments is not an administrative expense. However, to the extent those past due payments are an administrative expense, Debtors contend the claim is limited not by the contract value of the installment payments but by the benefit actually conferred upon the estate. Thus, Debtors propose that it is the difference between rents received from the tenants of the apartment building less costs incurred for operational expenses of the chapter 11 Debtor and/or the property itself that make up an administrative expense if one exists at all.

Land contracts such as the one before the Court today are executory by nature and subject

to the provisions of § 365 of the Bankruptcy Code. *Terrell v. Albaugh* (*In re Terrell*), 892 F.2d 469 (6th Cir. 1989). Pursuant to § 365, the trustee, or debtor in possession under § 1107, may assume or reject the land contract at any time before confirmation of the plan, or as here, at an earlier time specified by the court on motion of a party to the contract. § 365(a), (d)(2). The Code quite clearly states that the rejection of an executory contract that has not been assumed constitutes a breach of the contract immediately before the date of the filing of the petition, and thus claims for delinquent payments under a rejected land contract give rise to a pre-petition claim for damages. 11 U.S.C. § 365(g)(1). The issue raised here is whether post-petition pre-rejection executory contract delinquencies have the same status as pre-petition rejection payments which would otherwise have come due under the rejected contract.

The statutory scheme under § 365 gives the Trustee and chapter 11 Debtor the right to reject an executory contract (or unexpired lease of residential property) at any time before confirmation of a plan, subject to that time being shortened upon request of a party to the contract. 11 U.S.C. § 365(d)(2). That is what occurred in this case. In the case of a nonresidential lease only (i.e., not an executory contract), the statute specifically obliges lease payments until assumption or rejection by requiring the trustee or debtor in possession to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." 11 U.S.C. § 365(d)(3). Tellingly, this evidences a legislative intent not to require such performance under other types of executory contracts - such as, for instance, land contracts. This distinction is made more meaningful when viewed in light of the differences between executory contracts and leases: under a lease the primary obligation of the lessor, the delivery of possession of the property to the lessee, is completed at the

-8-

beginning of the lease, whereas under an executory land contract each party retains unperformed obligations which if not performed constitute a material breach of the contract. *In re Palace Quality Serv. Indus., Inc.*, 283 B.R. 868, 881 n.12 (Bankr. E.D. Mich. 2002). Furthermore, and consistent therewith, § 365(g) states that rejection constitutes a breach of the contract "if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title, immediately before the date of the filing of the petition." Likewise, § 502(g)(1) provides that a claim arising from the rejection of an executory contract or unexpired lease that has not been assumed will be allowed and determined the same as if "such claim had arisen before the date of the filing of the petition."

The statute clearly contemplates some post-petition period within which the assumption or rejection will be made and thus the possibility that payments falling due during that period might not be made. A fair reading of the statute is that whenever the rejection occurs, all previous defaults since the filing, as well as those falling due after rejection, are afforded the same pre-petition status. This makes sense given the inherent differences between lease payments and purchase price installment payments under a realty land contract - which is more equivalent to a capital as opposed to an expense transaction.

The Court concludes that the debt owed the Claimant is not an administrative expense and in the context of this proceeding no other debt exists which could be elevated to administrative expense priority. Accordingly, the Claimant's Motion for Administrative Expense claim is denied.

Debtors shall submit an order consistent with this opinion. Factual issues from the confirmation

hearing shall be resolved at the scheduled evidentiary hearing.

**Signed on December 10, 2007**

                                      **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**